## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

**ANTON BULGAKOV #A231-903-365**              **CASE NO.  3:26-CV-01798 SEC P**

**VERSUS**                                    **JUDGE TERRY A. DOUGHTY**

**WARDEN JACKSON PARISH**                     **MAG. JUDGE KAYLA D.**
**CORRECTIONAL CENTER ET AL**                 **MCCLUSKY**

### MEMORANDUM ORDER

Before the Court is an *ex parte* Motion for Temporary Restraining Order ("TRO") or Preliminary Injunction [Doc. No. 2] filed by Petitioner, Anton Bulgakov ("Bulgakov").

Bulgakov, a Russian national, entered the United States on January 6, 2022, with his wife and daughter on a B-2 visa.[1] He alleges his B-2 visa was valid until July 8, 2024.[2] On September 7, 2022, Bulgakov filed an Application for Asylum and for Withholding Removal.[3] Per the Executive Office of Immigration Review's Automated Case Information website, Bulgakov has a "master hearing" scheduled for June 15, 2026, at 1:30 p.m. *See* Executive Office of Immigration Review, *Automated Case Information* (last visited June 1, 2026) (enter "231-903-365" under "A-Number" and "Russia" under "Nationality").[4]

---

[1] [Doc. No. 1-2, ¶ 4.1].

[2] [Id.].

[3] [Id. at ¶ 4.2].

[4] https://acis.eoir.justice.gov/en/.

On May 5, 2026, an Arkansas police officer pulled Bulgakov over.[5] The officer detained Bulgakov, stating he had violated immigration law and took Bulgakov to the county jail.[6] Eventually, U.S. Immigration and Customs Enforcement ("ICE") took Bulgakov from the state police and moved him to the Jackson Parish Correctional Center in Jonesboro, Louisiana, where he remains.[7]

Bulgakov filed this Motion, arguing he is entitled to immediate release, a bond hearing, withholding of removal or transfer from this Court's jurisdiction, or an order to show cause on why a preliminary injunction should not issue.[8] The matter is ripe for ruling.

Per Rule 65, courts may issue a TRO without notice to the non-movant only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). And as a *pro se* petitioner, Bulgakov's filings are held to less "stringent standards" than filings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (2002)). In any event, the Court has no obligation to "sift through the record in search

---

[5] [Doc. No. 1-2, ¶ 4.3].
[6] [Id].
[7] [Id. at ¶ 4.6].
[8] [Doc. No. 2, p. 2].

of evidence" to support the pro se litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The Court now turns to the merits.

As part of the asylum process, Congress granted asylum applicants the privilege of an interview before an asylum officer. *See* 8 U.S.C. § 1158(d)(5)(A). And if an applicant fails to appear for an asylum interview, their application could be terminated. *See* 8 C.F.R. § 208.10. That describes Bulgakov's current situation. As the record reflects, Bulgakov filed an application for asylum.[9] And he has a master hearing scheduled for has a "master hearing" scheduled for June 15, 2026, at 1:30 p.m. Thus, if he is removed before that hearing occurs, his asylum application could be dismissed. That amounts to irreparable harm as it is a kind of legal injury that "cannot be undone" by later judicial intervention. *Interox Am. v. PPG Indus., Inc.*, 736 F.2d 194, 202 (5th Cir. 1984) (citation omitted). Accordingly, Bulgakov satisfies the first prong of Rule 65.

As to the second prong, Bulgakov has not certified in writing why he cannot, or should not, be required to provide notice to Respondents. The Court, however, noting Bulgakov's *pro se*-status, holds his Motion to less "stringent standards" than filings drafted by counsel. *Haines*, 404 U.S. at 520. Bulgakov is currently detained, he has limited access to legal sources, and there is no opposing counsel on record yet. Even if he were not detained, he cannot be expected to know whom to contact in the government about this specific issue. As such, the Court finds these are sufficient reasons for excusing Bulgakov from reaching out to opposing counsel.

---

[9] [Doc. No. 1-3, pp. 4–5].

Page **3** of **4**

Accordingly, the Court concludes a limited TRO, (1) prohibiting Respondents from removing Bulgakov before his June 15, 2026, hearing, and (2) ensuring he has sufficient access to that hearing and materials reasonably necessary for that hearing is warranted.

For these reasons,

**IT IS ORDERED** that Bulgakov's Motion for TRO [Doc. No. 2] is **GRANTED**, and Respondents are (1) prohibited from removing Bulgakov outside the United States before his June 15, 2026, hearing, and (2) must provide him reasonable access to that hearing and materials reasonably necessary for that hearing. This TRO shall expire at the end of the day on June 22, 2026.

**IT IS FURTHER ORDERED** that Respondents notify the Court of the outcome of the June 15, 2026, hearing on or before June 19, 2026.

The Clerk of Court is instructed to provide Shannon Smitherman, at the United States Attorney's Office, a copy of this Order via email and access to the Petition for Writ of Habeas Corpus [Doc. No. 1] and the docket in this matter.

MONROE, LOUISIANA, this 1st day of June 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE