UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ANTON BULGAKOV #A231-903-365          CASE NO.  3:26-CV-01798 SEC P

VERSUS                                JUDGE TERRY A. DOUGHTY

WARDEN JACKSON PARISH                 MAG. JUDGE KAYLA D.
CORRECTIONAL CENTER ET AL             MCCLUSKY

MEMORANDUM ORDER

Before the Court is a Motion to Modify or Clarify Temporary Restraining Order ("TRO") and for Immediate Release [Doc. No. 9] filed by Petitioner, Anton Bulgakov ("Bulgakov"). The Court previously granted Bulgakov's first motion for TRO [Doc. Nos. 2, 5], and prohibited Respondents from removing him before his June 15, 2026, master hearing.[1] Now, Bulgakov filed this Motion, asking the Court to order Respondents to (1) immediately release Bulgakov while this proceeding is pending or provide Bulgakov a bond hearing before an Immigration Judge, (2) produce all documents relating to Bulgakov's arrest and detention, and (3) not transfer Bulgakov while these proceeding is pending.[2] The Court finds none of these reasons warrant a TRO, so Bulgakov's Motion is **DENIED**.

At the outset, the Court notes that the pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Cledera v. United States*, 834 F. App'x

---

[1] [Doc. No. 5].
[2] [Doc. No. 9, pp. 4–5].

969, 972 (5th Cir. 2021) (citing *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006)). *Pro se* plaintiffs must, however, "plead factual allegations that raise the right to relief rise above [a] speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor*, 296 F.3d at 378). Even so, the Court has no obligation to "sift through the record in search of evidence" to support the *pro se* litigant's arguments. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). With these principles in mind, the Court turns to the merits.

First, as another Judge of this Court recently stated:

> The very basis of a habeas action is to challenge the statutory or constitutional basis for detention. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody.") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). Seeking injunctive relief that mirrors the relief requested in the habeas petition is *nothing more than a motion to decide my habeas petition now. See Garcia-Aleman v. Thompson*, No. 5:25-CV-00886, ECF No. 20 (S.D. Tex. Oct. 30, 2025). The Court will not allow Petitioner to commit an end-run around the habeas process.

*Da Silva v. Tellez*, No. 25-CV-1960, 2025 WL 3553041, at \*1 (W.D. La. Dec. 8, 2025) (emphasis added). Here too, Bulgakov's Motion, to the extent he seeks immediate release or a bond hearing, is merely "a motion to decide [Bulgakov's] habeas petition now." *Id*. The Court, however, finds no need to resolve the case in such a hurry.

Second, to the extent Bulgakov's Motion asks the Court to enjoin Respondents from transferring Bulgakov, it fails because the Court is not stripped of jurisdiction over Petitioner's Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1]

if Petitioner is transferred to a detention facility in another federal court's territorial jurisdiction while this case is active. The Fifth Circuit holds that a transfer to another district does not affect a district court's personal jurisdiction over a petitioner's habeas petition because "[j]urisdiction attache[s] on [the] initial filing for habeas corpus relief." *Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

To the extent Bulgakov's Motion seeks to enjoin Respondents from removing him during these proceedings, it also fails. Two statutes back this conclusion. First is the habeas statute, which requires that a petitioner must be "*in custody* in violation of the Constitution or laws or treaties of the United States" to seek habeas relief. 28 U.S.C. § 2241(c)(3) (emphasis added). So, if a petitioner who is challenging solely the constitutionality of his detention is removed, he is no longer "in custody"; and, therefore, his habeas petition is moot. *Id.*; *cf. Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) (A petitioner who is no longer in custody "must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution."). The Immigration and Nationality Act ("INA") also buttresses the Court's conclusion. Section 1252(g), of the INA, declares that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g). If Bulgakov is removed pursuant to a final order of removal, this Court cannot review that decision, at least not in a habeas proceeding.

Third, Bulgakov's Motion prays that the Court order Respondents to give him all information they have about Bulgakov's arrest and detention for his upcoming Master Hearing. But the sole purpose of habeas is to "grant relief from unlawful imprisonment or custody." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976). Since Bulgakov seeks these documents as part of his immigration proceedings, the Court does not micromanage Respondents' handling of the administrative process. So, Bulgakov's final basis for a TRO also fails.

Since the preliminary relief Bulgakov seeks—release from detention or a bond hearing—mirrors the ultimate relief sought in Bulgakov's Habeas[3] and his other arguments are unpersuasive, Bulgakov's Motion to Modify or Clarify TRO and for Immediate Release [Doc. No. 9] is **DENIED**.

MONROE, LOUISIANA, this 8th day of June 2026.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[3] [Id.]; [Doc. No. 1, ¶¶ 1.2, 10.1].